## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**FRANK S. GANT,**

     **Plaintiff,**

**vs.**                                  **Case No.: 10-CV-10408**
                                        **Hon. Anna Diggs Taylor**

**STILLMAN LAW OFFICE,**
**LIVINGSTON FINANCIAL, LLC, and**
**JOSEPH DRESSEL,**

     **Defendants.**

_____/

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO
## U.S. CONST. ART. III AND FED.R.CIV.PRO. 12(h)(3),

NOW COME Defendants, STILLMAN LAW OFFICE. LIVINGSTON FINANCIAL, LLC and JOSEPH DRESSEL, by and through its counsel, Mimi D. Kalish, and for its Motion to Dismiss Pursuant to U.S. Const. Art. III and Fed.R.Civ.Pro. Rule 12(h)(3), hereby relies on its brief attached hereto:

**WHEREFORE,** Defendants STILLMAN LAW OFFICE. LIVINGSTON FINANCIAL, LLC and JOSEPH DRESSEL, respectfully request that this Honorable Court grant Defendants' motion and dismiss the within action in its entirety.

                            Respectfully submitted,

                            **STILLMAN LAW OFFICE**

                            _/s/ Mimi D. Kalish_____
                            Mimi D. Kalish (P52383)
                            Attorney for Defendants

Dated: April 7, 2010

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK S. GANT,

      Plaintiff,

vs.                                                            Case No.: 10-CV-10408
                                                Hon. Anna Diggs Taylor

STILLMAN LAW OFFICE,
LIVINGSTON FINANCIAL, LLC, and
JOSEPH DRESSEL,

      Defendants.
_____/

## DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO U.S. CONST. ART. III AND FED.R.CIV.PRO. 12(h)(3)

### I. Introduction

Plaintiff ("Gant") brought the within action on January 29, 2010 alleging violations of the Fair Debt Collection Practices Act (FDCPA) in relation to Defendants' filing of a State Court action against Plaintiff for default of a credit card agreement in the 46th Judicial District Court.  Gant originally filed two separate matters, one known as: *Frank S. Gant vs. Stillman Law Office,* Case No. 10-10408, and *Frank S. Gant vs. Livingston Financial, LLC and Joseph Dressel,* Case No. 10-10409.  All of the named Defendants herein filed a Motion to Consolidate Actions in the respective cases cited above on March 18, 2010.

Subsequent to the Defendants' filing of the respective Motion(s) to Consolidate Actions, Gant's counsel in the within action contacted Defendants' counsel and agreed to stipulate to an order consolidating both matters with Case No. 10-10408, currently before

the Honorable Anna Diggs Taylor.  An Order Consolidating the two matters was entered on April 5, 2010.

Prior to the consolidation of the two actions, Defendant STILLMAN LAW OFFICE, in Case No. 10-10408, and Defendants LIVINGSTON FINANCIAL, LLC, and JOSEPH DRESSEL, in Case No. 10-10409, tendered an Offer of Judgment **as to both matters,** pursuant to Fed.R.Civ.Pro. Rule 68 for the statutory limit of "$1,000.00 plus the court costs of this action, and reasonable attorney fees incurred up to the date of the filing of the within Offer of Judgment". <u>See</u>, Copies of the Offer(s) of Judgment and accompanying Certificate(s) of Service <u>filed in both matters on March 18, 2010</u>, attached hereto as Exhibit 1.

The language in Defendants' Offer of Judgment follows the statutory language of the FDCPA, which provides that a plaintiff is entitled to damages of $1,000.00, the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 USC §1692k(a)(3).  Furthermore, consistent with a long line of cases, including *Betty Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647 (6th Cir. 1994), 15 USC §1692k(a)(2)(A) limits a plaintiff's additional damages to $1,000.00 'per proceeding' rather than 'per violation'.  The United States Court of Appeals, 6th Circuit, stated in its opinion: "Consequently, the terms of the statute indicate that Wright's recovery for additional damages is limited to $1,000 per proceeding.  All the courts publishing opinions on this issue have reached a similar result." *Id,* at 651.

Plaintiff in the *Frank S. Gant vs. Stillman Law Office* e-mailed an Acceptance to the Offer of Judgment to Defendant's counsel on Tuesday, March 23, 2010.  <u>See</u>, copy of e-mail from Adam Alexander to Defendant's counsel, Mimi D. Kalish, attached hereto as

Exhibit 2.  Gant subsequently *withdrew* his Acceptance of Defendant's Offer of

Judgment on March 29, 2010, due to the fact that Gant did not think the offer pertained to

*both actions, or that it was procedurally correct to file an Offer of Judgment as to both*

*actions.*  <u>See</u>, copy of e-mail from Adam Alexander to Defendant's counsel, Mimi D.

Kalish, attached hereto as Exhibit 3.

    Defendant now seeks the dismissal of Gant's claim under U.S. Const. art. III, §2

and Fed.R.Civ.P. 12(h)(3) since its Offer of Judgment was equivalent to the total relief

available to Gant as to all named Defendants, and there is no longer an actual case or

controversy to establish this Honorable Court's federal court jurisdiction.

## II. Law and Argument

**A.    Gant's Claim is moot since Defendants have already offered the maximum
amount allowable under the FDCPA , thus eliminating the "case" or "controversy"
requirement under the United States Constitution, art. III, §2.**

    The Constitution of the United States limits "[t]he Judicial power" of the federal

courts to "Cases" and "Controversies".  *U.S. Const. art. III, §2.*  That limitation is based,

in part, on the notion that, as Justice Frankfurter observed, "the adjudicatory process is

most securely founded when it is exercised under the impact of a lively conflict between

antagonistic demands, actively pressed, which make resolution of the controverted issue a

practical necessity."  *Poe v. Ullman,* 367 U.S. 497, 503 (1961).

    Because of this constitutional limitation on judicial power, a federal court lacks

subject matter jurisdiction over an action unless it presents an actual case or controversy.

*S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc.,* 24 F.3d 427, 431 (2nd

Cir. 1994).  A federal court may only be called upon to 'adjudge the legal rights of

litigants in actual controversies.' *Id.* at 431.  Whenever it appears that the court lacks

subject matter jurisdiction, the court must dismiss the action. *Fed.R.Civ.Pro. Rule 12(h)(3)*.

The United States District Court for the District of Connecticut considered a set of facts almost identical to that of the case at bar in *Deirdre Murphy v. Equifax Check Services, Inc.,* 35 F.Supp.2d 200 (1999). In *Murphy,* Plaintiff consumer brought an action alleging that defendant debt collector violated the FDCPA. Defendant offered to settle the case for $1,000 plus reasonable attorney's fees and costs. Plaintiff's attorney rejected the offer, and defendant moved to dismiss for lack of subject matter jurisdiction. In granting the motion, the court ruled that jurisdiction was lost because there was no longer an actual case or controversy, as required by the United States Constitution, art. III, since Defendant had offered to settle for the maximum relief available to Plaintiff.

In *Murphy,* the issue for the court was "whether plaintiff, Deirdre Murphy, having been offered the maximum recoverable statutory damages, has an ongoing controversy with defendant Equifax, that is, whether she continues to have a 'personal stake in the outcome of this lawsuit'." *Id.* As noted by the *Murphy* court, the Supreme Court has affirmed earlier holdings that "an interest in attorney's fees is…insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83 (1998), citing *Lewis v. Continental Bank Corp.*, 494 U.S. at 480; see also *Diamond v. Charles,* 476 U.S. 54 (1986). The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a by-product of the litigation itself. *Steel Co.,* 118 S.Ct. at 1018.

In addition, numerous United States Courts of Appeal have held that a claim for attorney's fees does not avert mootness of the underlying action on the merits.

*Didrickson v. U.S. Dept. of Interior,* 982 F.2d 1332, 1339 (9th Cir. 1992) (holding that

liability for fees is not an injury with a nexus to the substantive character of the statute at

issue); *S-1 v. Spangler,* 832 F.2d 294, 297 (4th Cir. 1987) (holding that a claim for

attorney's fees did not avert mootness of the underlying action on the merits); *Bagby v.*

*Beal,* 606 F.2d 411, 414 (3rd Cir. 1979) (holding that an attorney's fee claim did not affect

the mootness of the underlying substantive claim on which the parties had reached an

agreement).  *McPherson v. Michigan High School Athletic Assc.,* 119 F.3d 453, 458 (6th

Cir. 1997) (holding that the federal courts have no power to adjudicate disputes which are

moot; *Diaz v. Kinkela,* 253 F.3d 241, 243 (6th Cir. 2001) (holding that the test for

mootness is whether the relief sought would, if granted, make a difference to the legal

interests of the parties).

     The *Murphy* court, following a long line of Circuit Court cases, held that having

been offered the maximum amount of damages which she was entitled to recover under

the FDCPA, plus reasonable attorney's fees and costs, that plaintiff no longer had a

personal stake in the outcome of the litigation for purposes of meeting the case-or-

controversy requirement of Article III, and accordingly dismissed defendant Equifax.

The court held, verbatim, that "[t]he only interest remaining is that of her attorney."  *Id.*

at 204.

     A similar result was reached in *Greisz v. Household Bank, NA, and Golden Seal*

*Heating & Air Conditioning, Inc.,* 176 F.3d 1012 (1999).  In an opinion rendered by

Chief Judge Posner, the Court held that Defendant's offer of judgment, which was $200

more than the maximum allowable damages under the statute, was thus giving the

plaintiff the equivalent of a default judgment (here it was actually larger by $200 than a

default judgment would have been).  When plaintiff's counsel rejected defendant's offer

of judgment, Judge Posner saw the rejection as nothing more than plaintiff's counsel's

attempt to recover more in attorney fees:  "You cannot persist in suing after you've won.

Lawyer Longo may have thought that he had something to gain by pressing on –

additional attorney's fees.  But if that is what he thought he was mistaken.  Once a party

has won his suit and obtained the attorney's fees that were reasonably expended on

winning, additional attorney's fees would not be *reasonably* incurred.  *Id,* at 1015.

In the instant case, Defendants' identical Offer(s) of Judgment tendered on March

18, 2010, entitled, respectively, "Offer of Judgment as to the Within Matter and as to:

Frank S. Gant vs. Livingston Financial, LLC and Joseph Dressel" (filed in Case No. 10-

10408), and "Offer of Judgment as to the Within Matter and as to: Frank S. Gant vs.

Stillman Law Office" (filed in Case No. 10-10409) set forth the following:

> **"[P]ursuant to Rule 68 of the Federal Rules of Civil Procedure, offers
> to allow a judgment to be taken against the above-named Defendants,
> as to *both matters, to wit: Frank S. Gant vs. Stillman Law Office, Case
> No. 10-10408, and Frank S. Gant vs. Livingston Financial, LLC and
> Joseph Dressel, Case No. 10-10409* for the sum of $1,000.00, plus the
> court costs of this action, and reasonable attorney fees incurred up to
> the date of the filing of the within Offer of Judgment".**

The face of the <u>filed Offer of Judgment in both matters</u> clearly set forth complete relief as

allowed under the statute.  As such, there exists no case or controversy under Article III

and the matter should be dismissed.

**B.     Plaintiff's withdrawal of its acceptance of Defendants' Offer of Judgment,
which offered the maximum allowable amount under the FDCPA, is a 'rejection' of
Defendants' offer; as such Plaintiff's claim should be dismissed for lack of subject
matter jurisdiction, with no award of attorney's fees to Plaintiff's counsel.**

The facts in *Greisz v. Household Bank, NA, et al*, 176 F.3d 1012 (7th Cir. 1999)

are identical to the case at bar, in that Defendant made an offer of judgment for the

maximum allowable statutory amount, and Plaintiff rejected the offer. When Defendant then filed its Motion to Dismiss under Article III, Judge Posner granted the motion, **awarding no attorney's fees to Plaintiff's counsel.** Judge Posner averred: "[s]o by spurning the defendant's offer, [the attorney] Longo shot both himself and his client in the foot. He lost his claim to attorney's fees by turning down the defendant's offer to pay them, and [the client] Greisz lost $1,200. If further evidence of Longo's incompetence were needed than his sorry record in previous suits, this would be it." *Id,* at 1015.

In *Lee v. Thomas & Thomas,* 109 F.3d. 302 (6th Cir. 1997), the Sixth Circuit addressed the issue of an attorney's interest in a "reasonable" fee award under the FDCPA. The court upheld the district court's decision excluding from an attorney's fee award **"those fees incurred for work performed after the debt collector made an offer to confess judgment for 'everything to which [the plaintiff] could reasonably be considered entitled, including an attorney fee that appeared reasonable in light of the circumstances existing at the time."** *Id,* at 305. Emphasis added.

The *Thomas* court found that it was unreasonable for the plaintiff's attorney to continue to perform work after that offer of judgment was made and, therefore any fees incurred after that date were necessarily unreasonable. *Id,* at 306, 307. The court stated: "in directing the courts to award 'reasonable' fees…Congress undoubtedly wished to ensure that the lawyer representing a successful plaintiff would receive a reasonable fee for work reasonably found necessary – nothing less, and nothing more." *Id,* at 306, 307. Congress "could hardly have wished to reward lawyers for doing nonproductive work and wasting their adversaries' time and the time of the courts as well. *Id,* at 306.

    **1. Any attorney fees claimed by Gant would be negligible at best, as he filed both complaints *pro se*, and counsel filed an appearance in the**

*Frank S. Gant vs. Stillman Law Office* **ONLY matter on March 5, 2010.**

Gant filed both actions *in pro se* on January 29, 2010.  Despite naming different defendants in the respective actions, this Court will readily note that **both filed complaints are identical, mirror-images of each other.**  The only cognizable reason Gant may have had for filing two identical actions rather than one, was to attempt to collect twice for an incident that clearly arose out of the same transaction and occurrence.

Should Gant's counsel claim that he 'ghost-wrote' both complaints for Gant, and therefore should be awarded attorney fees for performing this service, this is wrong on any number of levels; not the least of which would be knowingly allowing Gant to sign pleadings for filing with the Federal Court claiming that it was "prepared as Pro Se" as attested to in Gant's sworn affidavit.  Further, the only possible attorney fees that could possibly be claimed by Gant's counsel (only as to the *Frank S. Gant vs. Stillman Law Office* matter) would be for whatever work took place between the filing of his appearance on March 5, 2010 and the Offer of Judgment Defendants filed on March 18, 2010; other than consulting with his client and trading a few e-mails with Defendants' counsel, nothing significant has occurred as of the service of the offer of judgment.

As such, Defendants pray that this Honorable Court dismiss this action in its entirety, with no costs or attorney's fees awarded to Plaintiff's counsel.

### III. Conclusion

WHEREFORE, Defendants STILLMAN LAW OFFICE, LIVINGSTON FINANCIAL, LLC, and JOSEPH DRESSEL respectfully request that this Honorable

Court dismiss Plaintiff's claim in its entirety, pursuant to U.S. Const. art III, §2, and Fed.R.Civ.Pro. Rule 12(h)(3), along with such other relief as this Court deems appropriate.

Respectfully requested,

**STILLMAN LAW OFFICE**

*/s/Mimi D. Kalish*_____
Mimi D. Kalish (P52383)
Attorney for Defendants

Dated: April 7, 2010

<u>**CERTIFICATE OF SERVICE**</u>

Mimi D. Kalish hereby states that she is the attorney for Defendants herein, and that on April 7, 2010 she did electronically file Defendants' Motion to Dismiss, Brief in Support, List of Exhibits and Exhibits 1 through 4, with the Clerk of the Court using the ECF system which will send notification of such filing to those parties listed on the system.

*/s/ Mimi D. Kalish*_____
MIMI D. KALISH
STILLMAN LAW OFFICE
Attorney for Defendants
7091 Orchard Lake Road, Suite 270
West Bloomfield, MI  48322
(248) 851-6000
mimi@stillmanlaw.com